Bonnie MacNaughton (Bar No. 107402)
Grant Damon-Feng (Bar No. 319451)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone:     (206) 622-3150
Facsimile:      (206) 757-7700
Email:            bonniemacnaughton@dwt.com
                    grantdamonfeng@dwt.com

John D. Freed (Bar No. 261518)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533
Telephone:     (415) 276-6500
Facsimile:      (415) 276-6599
Email:            jakefreed@dwt.com

Attorneys for Plaintiffs
META PLATFORMS, INC., INSTAGRAM, LLC, and WHATSAPP LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| META PLATFORMS, INC., a Delaware corporation, INSTAGRAM, LLC, a Delaware limited liability company, and WHATSAPP LLC, a Delaware limited liability company, | Case No. |
| | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Plaintiffs, | |
| v. | |
| DOES 1-100, | |
| Defendants. | |

## COMPLAINT

Meta Platforms, Inc. ("Meta") (formerly known as Facebook, Inc.), Instagram, LLC, and WhatsApp LLC, allege the following against Defendants John Does 1-100:

## I.    INTRODUCTION

1.      Since at least September 2019 and continuing to the present, Defendants have engaged in a wide-ranging internet "phishing" scheme whereby they impersonate Facebook, Messenger, Instagram, and WhatsApp in order to deceive users and steal their login credentials. Defendants have created more than 39,000 websites purporting to be the login pages for

Facebook, Messenger, Instagram, or WhatsApp.  On these websites, Defendants prompted users to enter their usernames and passwords, which Defendants collected for their own benefit.  As part of their scheme, Defendants used services offered by Ngrok, Inc., to relay internet traffic to their phishing websites in a manner that obfuscated where the websites were hosted.  This has enabled Defendants to conceal their identities and prolong their phishing attacks.

2.      Plaintiffs bring this action to stop Defendants' unlawful and harmful conduct, and to seek records to uncover the identities of the Doe Defendants.  Defendants' conduct violates Facebook's Terms of Service, California's Anti-Phishing Act, and the Lanham Act.

## II.      PARTIES

3.      Plaintiff Meta is a Delaware corporation with its principal place of business in Menlo Park, California.  Meta, formerly known as Facebook, Inc., offers Facebook as a service ("Facebook").  Meta also offers Messenger, an instant messaging app, as a service.

4.      Plaintiff Instagram, LLC, a subsidiary of Meta, is a Delaware limited liability company with its principal place of business in Menlo Park, California.  The Instagram service ("Instagram"), which is provided by Meta, and is a popular photo and video sharing social networking service.

5.      Plaintiff WhatsApp LLC, whose corporate parent is Meta, is a Delaware limited liability company with its principal place of business in Menlo Park, California.  The WhatsApp service is a cross-platform mobile messaging app used across the globe.  Meta acts as WhatsApp's service provider for security-related issues.

6.      Third-party Ngrok Incorporated ("Ngrok") is a cloud company that provides a variety of services to software developers and technology professionals.  Ngrok is a Delaware corporation with its principal place of business in California and offers its services to customers at a basic level for free or as a paid subscription for higher usage and functionality.  Users of Ngrok's free services can "publish" local websites to the publicly accessible internet using unique web addresses (URLs) generated by Ngrok, while paid subscribers can create custom URLs for their websites.  These URLs all include the domain name ngrok.io.

COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.

7.     The true identities of Defendants are presently unknown to Plaintiffs.  On information and belief, Defendants are working in concert with one another to knowingly and willfully operate a phishing scheme directed at Facebook, Messenger, Instagram, and WhatsApp users.

### III.     JURISDICTION AND VENUE

8.     The Court has original subject matter jurisdiction over Plaintiffs' federal claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a).  This Court has supplemental subject matter jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367(a).

9.     As a result of their phishing scheme, Defendants have access to multiple Facebook, Messenger, Instagram and WhatsApp accounts, and agreed to their various Terms of Service and Use.  These Terms each contain a forum selection clause that requires this complaint be resolved by this Court or California state court, and that Defendants submit to the personal jurisdiction of this Court.

10.     The Court has personal jurisdiction over Defendants because they purposefully directed and targeted their unlawful activities at California and Plaintiffs, which have their principal places of business in California.   Defendants also transacted business and engaged in commerce in California by, among other things, directing their phishing scheme at users of Facebook, Messenger, Instagram, and WhatsApp, including users in California, and using the services of Ngrok, which is a San Diego, California-based technology company, to perpetrate their phishing scheme.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants agreed to the Plaintiffs' various Terms of Service and Use including their forum selection clauses, and because a substantial part of the events giving rise to the claims occurred in this District.

### IV.     INTRADISTRICT ASSIGNMENT

12.     This case is properly assigned on a District-wide basis pursuant to Civil L. R. 3-2(c) because it arises out of Defendants' infringement of Plaintiffs' intellectual property rights.

COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.

## V.    FACTS

### A.    Background on Phishing Attacks

13.    In this complaint, "phishing attacks" refers to the practice of deceiving internet users into divulging personal information using fraudulent websites and online impersonation. The Anti-Phishing Working Group ("APWG"), a nonprofit that works to stop phishing, reported that phishing attacks doubled in 2020 from the previous year.  Anti-Phishing Working Group, Phishing Activity Trends Report, 2nd Quarter 2021 (Sept. 22, 2021), https://docs.apwg.org/reports/apwg_trends_report_q2_2021.pdf.  In 2020, the FBI Internet Crime Complaint Center reported over 240,000 phishing scam complaints with losses totaling over $54 million.  Fed. Bureau of Investigation Internet Crime Complaint Center, Internet Crime Report 2020 (Mar. 17, 2021), https://www.ic3.gov/Media/PDF/AnnualReport/2020_IC3Report.pdf.  In June 2021, the APWG recorded 222,127 phishing attacks in one month alone, the third-worst month in APWG's reporting history.   Social media companies were the second-most targeted industry in the second quarter of 2021, after financial institutions.  *Id*.

### B.    Background on Plaintiffs.

14.    Plaintiff Meta Platforms, Inc. is a Delaware corporation with its principal place of business in Menlo Park, California.  Meta's products include the Facebook, Messenger, Instagram, and WhatsApp apps.

15.    Facebook is a social networking website and mobile application that enables its users to create their own personal profiles and connect with each other on their personal computers and mobile devices.  Messenger is an instant messaging service provided by Meta that is available on mobile devices and desktop computers.  Everyone who uses Facebook or Messenger must agree to Facebook's Terms of Service ("ToS").  The Facebook ToS require everyone that uses Facebook or Messenger to agree not to use the services to do or share anything that: 1) "is unlawful, misleading, discriminatory, or fraudulent"; or 2) "infringes or violates someone else's rights, including their intellectual property rights."  ToS § 3.2.1.

16.    Instagram is a photo and video sharing and editing service, mobile application, and social network.  Instagram users can choose to share their photos and videos with their

COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.

followers or with select groups of friends.  They can also view, comment, and like posts shared on Instagram.  Everyone who uses Instagram must agree to Instagram's Terms of Use ("ToU").  The Instagram ToU prohibit using the service for doing "anything unlawful, misleading, or fraudulent or for an illegal or unauthorized purpose." *Id.*  Similarly, Instagram users cannot "sell, license, or purchase any account… or solicit, collect, or use login credentials … of other users; or request or collect Instagram usernames [or] passwords." *Id.*

17.     WhatsApp is an encrypted messaging application that is used by people and businesses around the world to communicate and transact in a private way.  In order to use WhatsApp, users must agree to the WhatsApp Terms and Policies ("WhatsApp Terms").  According to the WhatsApp Terms, users "must access and use our Services only for legal, authorized, and acceptable purposes." *Id.*  Users must not use or assist others in using WhatsApp in ways that are illegal, or "involve sending illegal or impermissible communications." *Id.*  Moreover, users must not (or assist others to) directly, indirectly, through automated or other means… exploit [WhatsApp] in impermissible or unauthorized manners, or in ways that … harm us, our Services, systems, our users, or others." *Id.*  This prohibition applies to "gain[ing] or attempt[ing] to gain unauthorized access to our Services or systems [or] interfer[ing] with or disrupt[ing] the safety, security, confidentiality, integrity… of our Services." *Id.*

### C.     Plaintiffs' Intellectual Property

18.     Meta[1], Instagram, and WhatsApp each developed trademarks they use to advertise and market products and services.  Defendants used the following trademarks owned by Meta, Instagram, and WhatsApp in the phishing scheme ("the Trademarks").

19.     Plaintiffs duly registered the Trademarks with the United States Patent and Trademark Office on the Principal Register.  True and correct copies of the registration certificates for the Trademarks are collectively attached hereto as Exhibit A.

| MARK | REGISTRATION NO. | ISSUE DATE | INTERNATIONAL CLASS/ES |
|------|------------------|------------|------------------------|
| INSTAGRAM | 4863595 | 12/01/2015 | 38 |

[1] Meta owns the trademarks for its Facebook and Messenger services.  Instagram, LLC owns the trademarks for the Instagram service, and WhatsApp LLC owns the trademarks for the WhatsApp service.

COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.

| | | | |
|---|---|---|---|
| INSTAGRAM | 4856047 | 11/17/2015 | 42 |
| INSTAGRAM | 4827509 | 10/06/2015 | 45 |
| INSTAGRAM | 5566030 | 09/18/2018 | 42 |
|  | 4795634 | 08/18/2015 | 9, 38, 41, 42, 45 |
|  | 4359872 | 07/02/2013 | 9, 38 |
|  | 5520067 | 07/17/2018 | 9, 38, 42, 45 |
| WHATSAPP | 3939463 | 04/05/2011 | 42 |
| WHATSAPP | 4083272 | 01/10/2012 | 9, 38 |
| WHATSAPP | 5492738 | 06/12/2018 | 9, 38, 42, 45 |
|  | 3934743 | 03/22/2011 | 9, 35, 38, 41, 42, 45 |
| FACEBOOK | 3814888 | 07/06/2010 | 42 |
| FACEBOOK | 3734637 | 01/05/2010 | 9, 38, 41, 42 |
| FACEBOOK | 3801147 | 06/08/2010 | 9, 38, 41, 42 |
| FACEBOOK | 3041791 | 01/10/2006 | 38 |
| FACEBOOK | 4471161 | 01/21/2014 | 41 |
| FACEBOOK | 4339123 | 05/21/2013 | 42 |
| FACEBOOK | 4392662 | 08/27/2013 | 45 |
| FACEBOOK | 4449195 | 12/10/2013 | 38 |
|  | 4099518 | 02/14/2012 | 38, 45 |
|  | 4102822 | 02/21/2012 | 38, 41, 42 |
|  | 4102823 | 02/21/2012 | 35, 42 |
|  | 4102824 | 02/21/2012 | 38, 45 |

COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.

| | 4639783 | 11/18/2014 | 9, 38, 45 |
|---|---|---|---|

20.     Plaintiffs' use of the Trademarks in interstate commerce has been extensive, continuous, and substantially exclusive.  Plaintiffs have made, and continue to make, a substantial investment of time, effort, and expense in the promotion of their products and the Trademarks.  As a result of Plaintiffs' efforts and use, the Trademarks are inextricably linked with the products and services offered by Plaintiffs.

### D.     Defendants' Phishing Scheme

21.     Beginning no later than 2019, and continuing to the present, Defendants have created and used over 39,000 websites to impersonate the login pages of Facebook, Messenger, Instagram, and WhatsApp, and steal their users' login credentials (the "Phishing Websites").  Defendants used Ngrok to generate a URL for each of the Phishing Websites, and these bore one or more of the Trademarks.  On information and belief, Defendants disseminated these URLs to their victims.[2]  When victims visited the Ngrok URLs, they were directed to the Phishing Websites, prompted to enter their requested credentials, and the credentials were collected by Defendants.

22.     On information and belief, Defendants published the Phishing Websites using Ngrok's service because they did not need to register the URL with a domain registration service, avoiding disclosure of identifying information and registration costs.  Instead, Ngrok's free service automatically generated URLs as a subdomain of Ngrok's domain ngrok.io (*e.g.*, https://d32831ea3827.ngrok.io/login.html).  This prevented Plaintiffs from identifying the real locations of the Phishing Websites on the internet and being able to work with domain registrars and hosting providers to take down the Phishing Websites at their source.  The obfuscation of Defendants' true hosting locations served to prolong and facilitate repeated phishing attacks.

---

[2] *See* Cyble, *Ngrok Platform Abused by Hackers to Deliver a New Wave of Phishing Attacks*, https://blog.cyble.com/2021/02/15/ngrok-platform-abused-by-hackers-to-deliver-a-new-wave-of-phishing-attacks/ (Feb. 15, 2021), Oussama Azrara, *Phishing on Facebook and Google with SET and Ngrok*, https://www.linkedin.com/pulse/phishing-facebook-google-set-ngrok-oussama-azrara/ (Feb. 9, 2020); Mocking G33K, *Phishing with Ngrok*, https://medium.com/@g33xter/phishing-with-ngrok-252309890b87 (Mar. 10, 2018).

COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.

23.     On information and belief, Defendants also published the Phishing Websites using Ngrok because, for a fee, they could customize the URLs to deceive the victims.  For example, many URLs include Plaintiffs' Trademarks, which created the misleading impression that the Phishing Websites originated from or are otherwise affiliated with Plaintiffs (*e.g.*, http://facebook.in.ngrok.io/).

24.     The following are examples of the Phishing Websites, followed by images of the authentic Facebook, Messenger, Instagram, and WhatsApp websites that they impersonated:

*\* Images on the following pages \**

COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.

**Figure 1: Phishing Website using Ngrok URL http://9747199d.ngrok.io/dashboard/**



**Figure 2: Authentic Facebook Login Page**



9

COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.

**Figure 3: Phishing Website in Italian using Ngrok URL http://facebook.in.ngrok.io/**



**Figure 4: Authentic Facebook Login Page in Italian**



COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.

1    **Figure 5: Phishing Website using Ngrok URL https://d32831ea3827.ngrok.io/login.html**



**Figure 6: Authentic Messenger Login Page**



COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.

**Figure 7: Phishing Website using Ngrok URL**

**http://5989c7736ad8.ngrok.io/?php.sgnittes/moc.margatsni/=**



**Figure 8: Authentic Instagram Login Page**



COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.

1

2 **Figure 9:  Phishing Website using Ngrok URL https://ce3568da7eeb.ngrok.io/login.html**

3



14 **Figure 10: Authentic Instagram Login Page**



COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.

**Figure 11: Phishing Website using Ngrok URL https://38ad1bb93210.ngrok.io/**



**Figure 12: Authentic Instagram Login Page**



14

**Figure 13: Phishing Website using Ngrok URL https://b71ef0393d7a.ngrok.io/**



**Figure 14: Authentic WhatsApp Login Page**



15

COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Anti-Phishing Act (Cal. Bus. & Prof. Code § 22948)

25.    Plaintiffs re-allege and incorporate herein each paragraph above.

26.    By creating and disseminating URLs for the Phishing Websites, Defendants falsely represented themselves to be Facebook, Messenger, Instagram, or WhatsApp, without Plaintiffs' authorization.

27.    Defendants' Phishing Websites were intended to, and on information and belief did in fact, solicit, request, and induce users of Facebook, Messenger, Instagram, and WhatsApp to provide their account credentials.

28.    Plaintiffs were adversely affected by Defendants' phishing scheme and suffered, without limitation, damage to their brands and reputations, harm to their users, and monetary losses in an amount to be determined.

29.    Defendants' conduct constitutes a violation of Cal. Bus. & Prof. Code § 22948.3(a)(1).

30.    As a result, Plaintiffs seek to recover the greater of their actual damages or five hundred thousand dollars ($500,000) pursuant to Cal. Bus. & Prof. Code § 22948.3(a)(1). Further, because Defendants engaged in a pattern and practice of violating the Anti-Phishing Act, Plaintiffs request the trebling of their actual damages pursuant to Cal. Bus. & Prof. Code § 22948.3(c)(1).  Plaintiffs further seek an award of their attorneys' fees and costs of suit pursuant to Cal. Bus. & Prof. Code § 22948.3(c)(2).

31.    Plaintiffs further seek to enjoin Defendants' further violations of the Anti-Phishing Act for the reasons described in the following Causes of Action.

### SECOND CAUSE OF ACTION

### Breach of Contract (by Meta)

32.    Plaintiff Meta re-alleges and incorporates herein each paragraph above.

33.     Access to and use of Facebook and Messenger are governed by the Facebook ToS.  Access to and use of Instagram is governed by the Instagram ToU, which is a contract between Instagram users and Meta.

34.     Defendants agreed to and became bound by the ToS and ToU through their collection, trafficking, and use of stolen login credentials for Facebook, Messenger, and Instagram, and facilitation of their own and others' fraudulent access of the Facebook, Messenger, and Instagram services.

35.     Meta has performed all conditions, covenants, and promises required of it under the ToS and the ToU.

36.     Defendants breached the ToS and ToU in multiple ways by the activity described above, including engaging in unlawful, misleading, and fraudulent conduct, and violating Meta and Instagram LLC's intellectual property rights.

37.     Defendants' breaches have caused Meta to incur damages in an amount to be determined.

## THIRD CAUSE OF ACTION

### Trademark Infringement (15 U.S.C. § 1114)

38.     Plaintiffs re-allege and incorporate herein each paragraph above.

39.     As described above, Defendants have used the Trademarks in interstate commerce.

40.     Defendants' use of the Trademarks is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' unauthorized use of the Trademarks on the Phishing Websites, thereby harming Plaintiffs and their users.

41.     Additionally, by reason of Defendants' acts of trademark infringement, Plaintiffs have suffered damage to the goodwill associated with the Trademarks.

42.     The above-described acts of Defendants constitute trademark infringement in violation of 15 U.S.C. § 1114(1) and entitle Plaintiffs to relief.

43.     As a result, Plaintiffs seek to recover Defendants' profits, treble actual damages, costs of the action, and attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b).  Plaintiffs may also elect to seek statutory damages under 15 U.S.C. § 1117(c).

44.     Plaintiffs are further entitled to injunctive relief pursuant to 15 U.S.C. § 1116.  Plaintiffs have no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) the Trademarks are unique and valuable property that have no readily determinable market value; (b) Defendants' infringement of the Trademarks constitutes harm to Plaintiffs' reputation and goodwill such that Plaintiffs cannot be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the Phishing Websites; and (d) Defendants' wrongful conduct, and the resulting harm to Plaintiffs, is continuing.

## **FOURTH CAUSE OF ACTION**

### **False Affiliation and Designation of Origin (15 U.S.C. § 1125(a))**

45.     Plaintiffs re-allege and incorporate herein each paragraph above.

46.     The Trademarks are distinctive marks that are associated with Plaintiffs and exclusively identify their business, products, and services.

47.     Defendants' continuous use in commerce of the Trademarks, and variations thereof, is likely to cause confusion, or to cause mistake, or to deceive the relevant public that the Phishing Websites are authorized, sponsored, or approved by, or are affiliated with, Plaintiffs.

48.     Defendants' conduct constitutes false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Plaintiffs to relief.

49.     By reason of the above-described acts of Defendants, Plaintiffs have suffered damage to the goodwill associated with the Trademarks.

50.     As a result, Plaintiffs seek to recover Defendants' profits, treble their actual damages, costs of the action, and attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b).

51.     Plaintiffs further seek injunctive relief pursuant to 15 U.S.C. § 1116.  Plaintiffs have no adequate remedy at law for Defendants' wrongful conduct because, among other things:

COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.

(a) the Trademarks are unique and valuable property that have no readily determinable market value; (b) Defendants' infringement of the Trademarks constitutes harm to Plaintiffs' reputation and goodwill such that Plaintiffs cannot be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the Phishing Websites; and (d) Defendants' wrongful conduct, and the resulting harm to Plaintiffs, is continuing.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A.    That the Court enter judgment for Plaintiffs on all claims;

B.    That the Court permanently restrain and enjoin Defendants, their directors, principals, officers, agents, representatives, employees, attorneys, successors and assigns, and all others in active concert or participation with them, from:

i.    Accessing, or attempting to access, Plaintiffs' platforms and computer systems;

ii.    Engaging in any activity that disrupts, diminishes the quality of, interferes with the performance of, or impairs the functionality of Plaintiffs' platforms and computer system;

iii.    Engaging in any activity that violates Meta's Terms, or facilitating others to do the same;

iv.    Any infringing use of, or making or inducing others to infringe, any of Plaintiffs' trademarks including the Trademarks;

v.    Sending any commercial electronic messages that contain any of Plaintiffs' trademarks, or otherwise representing that Defendants, either directly or by implication, are from or affiliated with Plaintiffs;

vi.    Creating, operating, or maintaining any domains, subdomains, or URLs containing Plaintiffs' trademarks or which are confusingly similar to, or dilutive of, Plaintiffs' trademarks; and

vii.    Assisting, aiding, or abetting any other person or business entity in

COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.

engaging in or performing any of the activities listed above.

C.      That Plaintiffs be awarded damages, including but not limited to compensatory damages, as permitted by law and in an amount to be proven at trial.

D.      That Plaintiffs be awarded its costs, including reasonable attorneys' fees of this action, and their reasonable attorneys' fees.

E.      That the Court grant Plaintiffs such other, further, and additional relief as the Court deems just and equitable.

COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.

1

## **DEMAND FOR JURY TRIAL**

2         Plaintiffs hereby demand a trial by jury of all issues so triable pursuant to Rule 38(b) of

3    the Federal Rules of Civil Procedure.

4

5         DATED this 20th day of December, 2021.

6

7                                    DAVIS WRIGHT TREMAINE LLP
                                     Attorneys for Plaintiffs

8

9                                    By  *s/ Bonnie E. MacNaughton*
                                     Bonnie E. MacNaughton, (Bar No. 107402)
10                                   Grant Damon-Feng (Bar No. 319451)
                                     DAVIS WRIGHT TREMAINE LLP
11                                   920 Fifth Avenue, Suite 3300
                                     Seattle, WA 98104
12                                   Telephone: (206) 622-3150
                                     Facsimile: (206) 757-7700
13

14                                   John D. Freed (Bar No. 261518)
                                     505 Montgomery Street, Suite 800
15                                   San Francisco, CA 94111-6533
                                     Telephone: (415) 276-6500
16                                   Facsimile: (415) 276-6599

17
                                     Platform Enforcement and Litigation
18                                   Jessica Romero
                                     Stacy Chen
19                                   Jimmy Doan
                                     Robert O'Loughlin
20

21

22

23

24

25

26

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.