Bonnie MacNaughton (Bar No. 107402)
Grant Damon-Feng (Bar No. 319451)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 622-3150
Facsimile: (206) 757-7700
Email: bonniemacnaughton@dwt.com
grantdamonfeng@dwt.com

John D. Freed (Bar No. 261518)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: jakefreed@dwt.com

Attorneys for Plaintiffs
META PLATFORMS, INC., INSTAGRAM, LLC, and WHATSAPP LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| META PLATFORMS, INC., a Delaware corporation, INSTAGRAM, LLC, a Delaware limited liability company, and WHATSAPP LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>DOES 1-100,<br><br>Defendants. | Case No. 3:21-cv-09797-LB<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: January 27, 2022<br>Time: 9:30 a.m.<br>Place: SF Courthouse, Courtroom B-Floor 15<br>Judge: Laurel Beeler<br><br>Complaint Filed: December 20, 2021 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN THAT on January 27, 2022 at 9:30 a.m. or as soon thereafter as the matter may be heard, before the Honorable Laurel Beeler, in Courtroom B of the above-captioned Court, located at 450 Golden Gate Ave., San Francisco, CA 94102, Plaintiffs Meta Platforms, Inc., Instagram, LLC, and WhatsApp LLC ("Plaintiffs") will and hereby do move this Court for an entry of an order authorizing expedited discovery prior to the Rule 26(f) conference.

This Motion is made on the grounds that Plaintiffs have shown good cause for relief from the time limits on discovery imposed by Rule 26(f).

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Robert Flaim, the Declaration of Bonnie MacNaughton, and all other pleadings and papers on file, and upon such other oral and/or documentary matters as may be presented to the Court at or before the hearing of this Motion.

DATED: December 20, 2021

DAVIS WRIGHT TREMAINE LLP
Attorneys for Plaintiffs

By *s/ Bonnie E. MacNaughton*
Bonnie E. MacNaughton, (Bar No. 107402)
Grant Damon-Feng (Bar No. 319451)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

John D. Freed (Bar No. 261518)
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Platform Enforcement and Litigation
Jessica Romero
Stacy Chen
Jimmy Doan
Robert O'Loughlin

2
PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY
Case No. 3:21-cv-09797
4882-4088-9607v.1 0084230-000088

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION & RELIEF REQUESTED

Plaintiffs Meta Platforms, Inc. ("Meta") (formerly known as Facebook, Inc.), Instagram, LLC, and WhatsApp LLC (collectively, "Plaintiffs") respectfully move the Court for an order granting leave to serve third-party subpoenas to obtain records relating to the identity of John Does 1-100 ("Defendants") before the Federal Rule of Civil Procedure 26(f) conference. This expedited discovery will allow Plaintiffs to identify the Defendants responsible for perpetrating an unlawful internet "phishing" scheme that harms Plaintiffs' users, misuses Plaintiffs' intellectual property, and targets users in this District. As further described below, Defendants have purposely anonymized their identities and whereabouts by using services offered by Ngrok, Inc. ("Ngrok"), to relay internet traffic to their phishing websites in a manner that obfuscated where the websites were hosted. Without expedited discovery, Plaintiffs will not be able to uncover the identities of the Defendants and stop their unlawful activities.

## II. BACKGROUND

### A. Phishing Attacks

In this matter, "phishing attacks" refers to the practice of deceiving internet users into divulging personal information using fraudulent websites and online impersonation. The Anti-Phishing Working Group ("APWG"), a nonprofit that works to stop phishing, reported that phishing attacks doubled in 2020 from the previous year. Anti-Phishing Working Group, Phishing Activity Trends Report, 2nd Quarter 2021 (Sept. 22, 2021), https://docs.apwg.org/reports/apwg_trends_report_q2_2021.pdf. In 2020, the FBI Internet Crime Complaint Center reported over 240,000 phishing scam complaints with losses totaling over $54 million. Fed. Bureau of Investigation Internet Crime Complaint Center, Internet Crime Report 2020 (Mar. 17, 2021), https://www.ic3.gov/Media/PDF/AnnualReport/2020_IC3Report.pdf. In June 2021, the APWG recorded 222,127 phishing attacks in one month alone, the third-worst month in APWG's reporting history. Social media companies were the second-most targeted industry in the second quarter of 2021, after financial institutions. *Id.*

**B.     Defendants' Unlawful Phishing Scheme**

Plaintiffs engage in significant efforts to combat phishing on their services and platforms to protect their users from harm. To assist Plaintiffs with these efforts, they have engaged PhishLabs, a premier provider of anti-phishing threat intelligence and incident response, to monitor for phishing activity externally (off-platform) and then work with hosting providers, domain registrars, and other external parties to stop these phishing attacks. Flaim Decl. ¶ 4. Working with PhishLabs, Plaintiffs have detected that Defendants are engaged in an ongoing, systematic, and wide-ranging phishing campaign perpetrated on people across the world. *Id.* Beginning in at least September 2019, and continuing to the present, Defendants have created and used over 39,000 websites to impersonate the login pages of Meta's Facebook, Messenger, Instagram, and WhatsApp services (the "Phishing Websites").[1] *See* Flaim Decl. Ex. 1 (complete list of Phishing Website URLs).

The Phishing Websites each use Plaintiffs' registered trademarks and prompt visitors to input personal information, including their legitimate Facebook, Messenger, Instagram, and WhatsApp account credentials. Plaintiffs believe that Defendants broadly disseminate the Phishing Websites to their potential phishing victims to monetize the user credentials Defendants harvest from the phishing scheme. Flaim Decl. ¶ 8.

Defendants use the services of Ngrok, a cloud company that provides a variety of services to software developers and technology professionals, to operate their scheme. Ngrok offers its services to customers at a basic level for free or as a paid subscription for higher usage and functionality. Users of Ngrok's free services can "publish" local webpages to the publicly accessible internet using unique web addresses (URLs) generated by Ngrok, while paid subscribers can create custom URLs for their webpages. These URLs all include the domain name ngrok.io.

Defendants use Ngrok to relay their internet traffic through a secure tunnel to the public internet. Defendants create their Phishing Websites spoofing Facebook, Messenger, Instagram,

---

[1] For more detailed descriptions of the Facebook, Messenger, Instagram, and WhatsApp services, see paragraphs 15–17 of the Complaint (Dkt. 1).

4

PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY
Case No. 3:21-cv-09797
4882-4088-9607v.1 0084230-000088

or WhatsApp login pages and then use Ngrok to generate a unique URL at the domain ngrok.io for each Phishing Webpage.  Some of the URLs contain Plaintiffs' trademarks, such as http://facebook.in.ngrok.io/, and some are "generic" URLs, such as https://d32831ea3827.ngrok.io/login.html.  The URLs themselves do not contain any information that would enable Plaintiffs to identify Defendants.

Despite Plaintiffs' diligent attempts to identify the Defendants, their identities and whereabouts are currently unknown to Plaintiffs and cannot be uncovered without expedited discovery.  Flaim Decl. ¶ 9.  Defendants have not included any information about their identities on the Phishing Websites, and the Ngrok URLs used to direct traffic to the Phishing Websites do not include any publicly available information about the parties behind the URLs.  *Id.*  After identifying the Phishing Websites, Plaintiffs contacted Ngrok to determine what information about the Phishing Websites it could provide to Plaintiffs voluntarily.  Flaim Decl. ¶ 11.  Ngrok has indicated that it cannot provide any information without legal process.  *Id.*

### III.  ARGUMENT

#### A.  Legal Standard

Federal Rule of Civil Procedure 26 provides that a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order."  Fed. R. Civ. P. 26(d)(1).  Expedited discovery is permitted if the plaintiff demonstrates "good cause" for such measures.  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("timing of discovery prescribed by Rule 26(d) focuses not on protecting the unwary and unrepresented defendant, but rather on orderly case management.").  Ninth Circuit courts routinely apply the balancing test articulated in *Semitool*.  *See*, *e.g.*, *OpenMind Sols., Inc. v. Does 1-39*, No. C 11-3311 MEJ, 2011 WL 4715200, at *5 (N.D. Cal. Oct. 7, 2011) (granting expedited discovery where plaintiff established good cause for expedited discovery, discovery furthered interests of justice, and discovery presented "minimal inconvenience to the ISPs to which the subpoenas are directed.").

Courts within this District assess four factors to determine whether plaintiffs have established good cause to learn the identity of Doe defendants through expedited discovery: plaintiffs must (1) identify the Doe defendants with enough detail to show the court that the defendants are subject to the court's jurisdiction; (2) describe attempts to locate and identify the defendants; (3) establish that the claim will survive a motion to dismiss; and (4) demonstrate that the requested discovery will likely identify the defendants. *Strike 3 Holdings, LLC v. Doe*, No. 21-CV-06809-PJH, 2021 WL 4295307, at *1 (N.D. Cal. Sept. 21, 2021). Under the good cause standard, valid requests for expedited discovery may be granted "where a well-known trademark . . . has been counterfeited and the sources or purchasers of the counterfeit products are unknown to plaintiff." *Cisco Sys., Inc. v. Shenzhen Usource Tech. Co.*, No. 5:20-CV-04773-EJD, 2020 WL 5049762, at *11 (N.D. Cal. Aug. 10, 2020) (external quotations omitted) (granting expedited discovery for contact information, account information, and financial records from any third party providing services to defendants); *see also Spy Optic Inc. v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule A*, No. CV 17-7649 DSF (KSx), 2017 WL 10592133, at *2 (C.D. Cal. Nov. 27, 2017) (granting expedited discovery to identify all funds conveyed to unknown defendants and provide plaintiffs with related financial data).

### B. Good Cause Exists for Expedited Discovery

#### 1. Expedited Discovery Is Warranted Because Plaintiffs Must Identify the Defendants to Properly Serve Them.

"[W]here the identity of alleged defendants will not be known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Soo Park v. Thompson*, 851 F.3d 910, 928 n.21 (9th Cir. 2017); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999); *see also Young v. Transp. Deputy Sheriff I*, 340 Fed. Appx. 368, 369 (9th Cir. 2009) (vacating judgment and remanding to district court to allow plaintiff the opportunity to discover the identity of two unknown deputy sheriff defendants). If the plaintiff does not know the identities of the defendants, it makes no sense to defer discovery until after the Rule 26(f) conference because "[o]bviously, a plaintiff cannot have a [Rule 26(f)]

6
PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY
Case No. 3:21-cv-09797
4882-4088-9607v.1 0084230-000088

conference with an anonymous defendant." *UMG Recordings, Inc. v. Doe*, 2008 WL 4104207, at *2 (N.D. Cal. Sept. 4, 2008).

Here, Plaintiffs do not currently know the identities of the Defendants, and there is very limited publicly available or other data that would reasonably enable Plaintiffs to uncover Defendants' identities. However, because Ngrok provides internet traffic relay services for Defendants' Phishing Websites, Ngrok possesses information that is very likely to lead to the detection of the Defendants' identities and whereabouts. This information likely includes names, physical addresses, email addresses, phone numbers, payment instruments/accounts, IP address logins, and communications. Thus, the only feasible way for this case to move forward is to permit Plaintiffs leave to seek expedited discovery from Ngrok in order to identify the Defendants and serve them.

### 2.     The Relevant Factors All Support Expedited Discovery

To establish good cause to learn the identity of defendants through early discovery, a plaintiff must (1) identify the defendants with enough detail to show the court that the defendants are subject to the court's jurisdiction; (2) describe attempts to locate and identify the defendants; (3) establish that the claim will survive a motion to dismiss; and (4) demonstrate that the requested discovery will likely identify the defendants. *Strike 3 Holdings, LLC*, 2021 WL 4295307, at *1. Each factor supports granting Plaintiffs' motion in this case.

**Jurisdiction Established over Defendants**. The Court has jurisdiction over the Defendants because they purposefully directed their phishing scheme at Plaintiffs, all of which are based in California, and used the services of Ngrok, another California-based company, to create URLs and relay internet traffic. Compl. ¶ 10. Defendants also transacted business and engaged in commerce in California by, among other things, directing their phishing scheme at users of Facebook, Messenger, Instagram, and WhatsApp, including users in California. *Id.*

In addition, access to and use of Facebook and Messenger are governed by the Facebook Terms of Services, access to and use of Instagram is governed by the Instagram Terms of Use, and access to and use of WhatsApp is governed by the WhatsApp Terms and Policies. *Id.* ¶¶ 11, 15–17. These terms create contracts between Meta (for Facebook, Messenger, and Instagram)

1  and/or WhatsApp LLC, on the one side, and users of these services, on the other. The terms

2  provide that disputes arising out of them will be resolved in the U.S. District Court for the

3  Northern District of California or a state court located in San Mateo County. *Id*. ¶¶ 9, 11. Users

4  also submit to the personal jurisdiction of this Court. *Id.* ¶ 9. Accordingly, Defendants

5  consented to this Court's jurisdiction when, as a result of their phishing scheme, they obtained

6  access to multiple Facebook, Messenger, Instagram, and WhatsApp accounts and agreed to their

7  various terms.  Accordingly, Plaintiffs can establish that Defendants are subject to this Court's

8  jurisdiction.

9        **Plaintiffs' Attempts to Identify**.  Although Plaintiffs have been diligent in attempting to

10  uncover the Defendants' identities, after exhausting all publicly available sources of information

11  they are still unable to identify Defendants.  For obvious reasons, Defendants have not included

12  any information about their identities on the Phishing Websites.  Furthermore, there is no

13  publicly available information or other data that Plaintiffs can review to identify the parties

14  behind the Ngrok-generated URLs for the Phishing Websites because the Defendants did not

15  register those URLs with any domain registrar or other organization (the URLs all use the

16  domain ngrok.io, which was registered by Ngrok).  Flaim Decl. ¶ 9.

17        After PhishLabs and Plaintiffs identified the Phishing Webpage URLs, Plaintiffs and

18  PhishLabs contacted Ngrok to discuss what information it could share regarding the Phishing

19  Websites.  Ngrok indicated that it could not provide Plaintiffs with any customer information

20  without receiving appropriate legal process.  Flaim Decl. ¶ 11.  Without access to the Ngrok data,

21  it is unlikely that Plaintiffs will be able to identify Defendants and pursue this case to stop

22  Defendants' harm.  Accordingly, this factor supports granting Plaintiffs leave to conduct

23  expedited discovery.  *See Strike 3 Holdings*, 2012 WL 4295307 at *2 (factor satisfied when

24  plaintiff identified defendant's IP address, traced IP address to Northern District of California,

25  and stated that the IP address alone was not sufficient to identify the defendant); *Solarbridge*

26  *Techs., Inc. v. Doe*, 2010 WL 3419189, at *2 (N.D. Cal. Aug. 27, 2010) (factor satisfied when

27  plaintiff described public records searches and requests for information about Doe defendant

28  identified only by email address and username; noting that internet service providers likely had

identifying information, but that they "generally do not divulge customer information without a subpoena or other legal authorization.").

**Survive Motion to Dismiss**.  Plaintiffs have sufficiently pled multiple federal and state claims to survive a motion to dismiss, including claims under the Lanham Act.  *See Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1053 (9th Cir. 1999).  When assessing the merits of trademark claims, "evidence of actual confusion is strong proof of the fact of likelihood of confusion."  3 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition,* § 23:13 at 23–35 (5th ed. 2021).  In cases where "another's name was adopted deliberately with a view to obtain some advantage from the good will, good name, and good trade which another has built up, then the inference of likelihood of confusion is readily drawn, for the very act of the adopter has indicated that he expects confusion and resultant profit."  *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 314 F.2d 149, 158 (9th Cir. 1963).

Here, the evidence is overwhelming that Defendants are violating the Lanham Act by copying and mimicking the Plaintiffs' protected trademarks to purposely confuse consumers about the origins of the Phishing Websites with the aim of deceiving the users into entering their login credentials.  Similarly, Plaintiffs have alleged more than sufficient facts to support their allegations that Defendants violated the California Anti-Phishing Act and breached their contractual obligations with Plaintiffs.  Accordingly, Plaintiffs' claims are likely to survive a motion to dismiss.

**Discovery Will Likely Identify Defendants**.  As described above, Defendants are widely using Ngrok's services, both paid and unpaid, and therefore Ngrok is in possession of information about Defendants.  This information is expected to include their names, physical addresses, email addresses, phone numbers, financial accounts, and the IP addresses from which they logged into their accounts.  Flaim Decl. ¶ 10.  This information (along with any information in the possession of other third-party service providers to Defendants) is likely to enable Plaintiffs to identify them.

### 3. Expedited Discovery Will Not Unduly Prejudice Defendants or Ngrok

Good cause for expedited discovery exists where the need to accelerate discovery offsets the likelihood of prejudice caused by early discovery requests. *See Semitool*, 208 F.R.D. at 276. In infringement cases like this where there is no other way to identify the Defendants, "courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference." *UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *3 (N.D. Cal. Sept. 3, 2008) (granting request for expedited discovery). Here, any prejudice to either Defendants or Ngrok is outweighed by Plaintiffs' need to obtain identifying information about Defendants arising from their illicit use of Ngrok's services— information that would be available during the normal course of discovery.

Defendants will suffer no cognizable prejudice if Plaintiffs are granted leave to conduct expedited discovery. Plaintiffs' need to expedite discovery is a direct result of Defendants' attempt to hide their identities by using Ngrok services and URLs, and Defendants cannot claim prejudice where discovery is necessary to find the Defendants and effect service on them. *See Marketo, Inc. v. Doe*, No. 18-CV-06792-JSC, 2018 WL 6046464, at *1-3 (N.D. Cal. Nov. 19, 2018) (granting early discovery where "domain name is not sufficient for Plaintiff to identify the Doe Defendant, and Plaintiff has no other means to identify the Doe Defendant besides [ISP's] record which it refuses to provide without a subpoena."). Had Defendants *not* hidden their identities to further their unlawful activity, Plaintiffs would not need to seek expedited discovery. Defendants cannot reasonably claim to be prejudiced by it now.

Nor will Ngrok be unduly prejudiced by Plaintiffs' expedited discovery. Plaintiffs seek account information that is necessary to identify the persons and/or entities who are using Ngrok's services to propagate an illegal phishing campaign. Ngrok is a sophisticated software company[2] that has stated its willingness to respond to Plaintiffs' subpoena and informed its

---

[2] "Millions of software developers use ngrok's services each day from every internet-connected country around the world, from hobbyist developers working on projects at home to enterprise developers working at Fortune 500 companies." NGROK WHO WE ARE, https://ngrok.com/careers (last visited Dec. 2, 2021).

1  customers that it may disclose their data in cases such as this one.[3]  Flaim Decl. ¶ 11.

2  Furthermore, Plaintiffs' critical need to protect themselves and their customers from harm caused

3  by a global phishing attack greatly outweighs any inconvenience Ngrok will face in responding

4  to a subpoena now rather than in the ordinary course of litigation.

5        Without the requested discovery, Plaintiffs will be unable to locate and serve Defendants.

6  To ensure the administration of justice, Plaintiffs' need for expedited discovery overcomes any

7  potential prejudice to Defendants or Ngrok.

## IV.   CONCLUSION

9        Plaintiffs respectfully ask the Court to grant Plaintiffs leave, prior to the Rule 26(f)

10  conference, to serve a Rule 45 subpoena on Ngrok to obtain information associated with the

11  Phishing Websites and URLs used in Defendants' unlawful phishing scheme.  MacNaughton

12  Decl., Exh. 1.  In addition, the information possessed by Ngrok regarding Defendants is likely to

13  lead the identification of other third parties, such as financial institutions, telecommunications

14  companies, and internet service providers, that also possess attribution information for

15  Defendants.  Flaim Decl. ¶ 13.  Therefore, Plaintiffs also request leave to serve additional Rule

16  45 subpoenas on any other parties with relevant attribution information identified from Ngrok's

17  subpoena responses for the limited purpose of identifying the Defendants.

18        DATED this 20th day of December, 2021.

---

[3] Under Ngrok's Terms of Service, Ngrok may disclose customer data to "respond to claims that any Customer Data violates the rights of third parties." *See* NGROK TERMS OF SERVICE, https://ngrok.com/tos (last visited Dec. 2, 2021).

DAVIS WRIGHT TREMAINE LLP
Attorneys for Plaintiffs

By *s/ Bonnie E. MacNaughton*
Bonnie E. MacNaughton, (Bar No. 107402)
Grant Damon-Feng (Bar No. 319451)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

John D. Freed (Bar No. 261518)
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Platform Enforcement and Litigation
Jessica Romero
Stacy Chen
Jimmy Doan
Robert O'Loughlin

12
PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY
Case No. 3:21-cv-09797
4882-4088-9607v.1 0084230-000088