Bonnie MacNaughton (Bar No. 107402)
Grant Damon-Feng (Bar No. 319451)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone:    (206) 622-3150
Facsimile:     (206) 757-7700
Email:          bonniemacnaughton@dwt.com
                    grantdamonfeng@dwt.com

John D. Freed (Bar No. 261518)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533
Telephone:    (415) 276-6500
Facsimile:     (415) 276-6599
Email:          jakefreed@dwt.com

Attorneys for Plaintiffs
META PLATFORMS, INC., INSTAGRAM, LLC, and WHATSAPP LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| META PLATFORMS, INC., a Delaware corporation, INSTAGRAM, LLC, a Delaware limited liability company, and WHATSAPP LLC, a Delaware limited liability company,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>DOES 1-100,<br>　　　　　　　　Defendants. | Case No. 3:21-cv-09797-LB<br><br>**DECLARATION OF BONNIE MACNAUGHTON IN SUPPORT OF PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY** |

I, Bonnie MacNaughton, declare as follows:

1. I am a partner at the law firm of Davis Wright Tremaine LLP, and am lead counsel for the Plaintiffs in this matter.

2. I am over 18 and competent to make this declaration. I make this declaration based on my personal knowledge.

3. Attached as Exhibit 1 is a copy of a subpoena to Ngrok that Plaintiffs seek leave to serve to uncover Defendants' identities and whereabouts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED at Seattle, Washington, this 20th day of December, 2021.

*[signature: Bon MacNaughton]*

Bonnie MacNaughton

# Exhibit 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| META PLATFORMS, INC., INSTAGRAM, LLC, and WHATSAPP LLC, *Plaintiff* <br> v. <br> DOES 1-100, *Defendant* | ) ) ) ) ) ) ) Civil Action No. 3:21-cv-09797-LB |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: NGROK INC.
c/o Registered Agents Inc.
1401 21st Street, Suite R, Sacramento, CA  95811

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attached Schedule A.

| Place: Davis Wright Tremaine LLP; Attn: John D. Freed <br> 505 Montgomery Street, Suite 800 <br> San Francisco, CA  94111 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/16/2021

| *CLERK OF COURT* | OR | *[signature]* |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiffs**
Meta Platforms, Inc., Instagram, LLC and WhatsApp LLC , who issues or requests this subpoena, are:
Bonnie E. MacNaughton / John D. Freed, Davis Wright Tremaine LLP; 920 Fifth Avenue, Ste 3300, Seattle, WA 98104 / 505 Montgomery Street, San Francisco, CA 94111; bonniemacnaughton@dwt.com / jakefreed@dwt.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:21-cv-09797-LB

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____   ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 3:21-cv-09797-LB   Document 5-2   Filed 12/20/21   Page 6 of 9

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| META PLATFORMS, INC., a Delaware corporation, INSTAGRAM, LLC, a Delaware limited liability company, and WHATSAPP LLC, a Delaware limited liability company,<br><br>            Plaintiffs,<br><br>   v.<br><br>DOES 1-100,<br><br>            Defendants. | Case No. 3:21-cv-09797-LB<br><br>ATTACHMENT A TO SUBPOENA DUCES TECUM DIRECTED TO NGROK, INC.<br><br>Deadline for Production:<br>January __, 2022 |

## INSTRUCTIONS

      1.    To comply with this subpoena, you may produce already-existing documents and records that contain the information identified below, or you may generate a new document or record that contains only the requested information. Either option is acceptable.

      2.    Nothing in this subpoena should be read to require the production of documents or records that are protected from disclosure by the attorney-client privilege or the work product doctrine. Plaintiffs are not requiring a privilege log at this time.

      3.    Nothing in this subpoena should be read as contradicting or otherwise failing to comply with applicable federal law, including but not limited to the Cable TV Privacy Act of 1984 and the Electronic Communications Privacy Act of 1986. To the extent federal law requires you to follow certain notification procedures or provides you with additional time to comply with this subpoena, you should follow that law.

      4.    You must produce responsive documents by no later than the deadline provided in the above caption, unless federal law permits a longer response period. You may produce the documents and/or information sought by this subpoena through *any* of the following methods, as you prefer:

            **By Email:**    bonniemacnaughton@dwt.com
                              jakefreed@dwt.com
                              grantdamonfeng@dwt.com

            **By Mail:**     John D. Freed
                              Davis Wright Tremaine LLP
                              505 Montgomery Street, Suite 800
                              San Francisco, CA 94111

**By Fax:** (415) 276-6599

## DEFINITION

1. "You" or "your" shall mean Ngrok, Inc., and its officers, directors, employees, agents, consultants, representatives, any other person acting on behalf of the foregoing; its affiliates, parents, subsidiaries, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by you and all predecessors and successors in interest to such entities.

2. "URL" shall mean each URL identified in the attached spreadsheet.

## DOCUMENT REQUESTS

For each account associated with any of the URLs, please produce documents or records sufficient to show:

1. All names, usernames, physical and/or mailing addresses, e-mail addresses, telephone numbers, financial accounts (including without limitation bank accounts, PayPal accounts, and credit cards), dates of registration, and current statuses of the customer accounts that created, owned, operated, or possessed each of the URLs; and any other accounts that are linked to or otherwise associated with the customer accounts that created, owned, operated, or possessed the URLs.

2. Any other URLs created, owned, operated, or possessed by the accounts identified in Request 1 that are not identified in the spreadsheet attached hereto.

3. All information relating to online access to the accounts identified in Request 1, including without limitation any IP addresses from which the accounts were accessed, all information regarding account access through Google account and Github account login, and any device-specific information, browser-specific information, mobile network information, and other location information for the accounts.

4. The IP address or DNS that the URLs and any other URLs created by the accounts identified in Request 1 are or were configured to connect to, i.e., the tunnel endpoint IP, the network address and port number configured by the account holder.

5. For each of the URLs created by the accounts identified in Request 1, details of the requests and responses including the time, duration, headers, query parameters and request payload.

6. All content saved by the accounts identified in Request 1 on your service, including without limitation any data about files and file system directories such

       as those for Your built-in fileserver, and any wildcard domains and CNAMEs created by the accounts.

7. Records of all charges to the accounts identified in Request 1 and payments made to Ngrok by the accounts identified in Request 1.

8. All communications with the accounts identified in Request 1, including without limitation any billing statements or invoices, customer service tickets, emails, and chat logs.

9. All other communications, including internal communications and communications from or with third parties, regarding the URLs, the customer accounts identified in Request 1, or any other URLs created by the accounts identified in Request 1.

10. Information related to any other Ngrok services used by the accounts identified in Request 1.