United States District Court
Northern District of California

1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10          San Francisco Division

11   META PLATFORMS, INC., et al.,                    Case No. 21-cv-09797-LB

12                    Plaintiffs,

13          v.                                         **ORDER GRANTING MOTION TO
                                                        EXPEDITE DISCOVERY**
14   DOES 1-100,                                       Re: ECF No. 5

15                    Defendant.

16

17                                    **INTRODUCTION**

18          The plaintiffs — Meta Platforms, Inc., Instagram, LLC, and WhatsApp LLC — are social

19   networking companies and messaging app providers.[1] The plaintiffs allege that the Doe defendants

20   are using the services of non-party Ngrok Incorporated to create phishing websites that imitate the

21   plaintiffs' websites (*e.g.*, http://facebook.in.ngrok.io/) to steal users' login credentials.[2] The

22   plaintiffs assert claims for violations of the California Anti-Phishing Act (Cal. Bus. & Prof. Code

23   § 22948), breach of contract (asserted by Meta only), trademark infringement (15 U.S.C. § 1114),

24

25

26

27   [1] Compl. – ECF No. 1 at 2 (¶¶ 3–5). Citations refer to material in the Electronic Case File (ECF);
     pinpoint citations are to the ECF-generated page numbers at the top of documents.

28   [2] *Id.* at 7–15 (¶¶ 21–24, Figs. 1–14).

ORDER – No. 21-cv-09797-LB

United States District Court
Northern District of California

1  and false affiliation and designation of origin (15 U.S.C. § 1125(a)).[3] Despite their efforts, the

2  plaintiffs have not been able to identify the parties who operate the allegedly infringing websites.[4]

3  The plaintiffs now ask the court to let it serve a subpoena on non-party Ngrok and other

4  unnamed parties to learn information that could lead to the discovery of the Doe defendants'

5  identities.[5] Because the plaintiffs have demonstrated that good cause exists to allow it to serve a

6  subpoena, the court grants the motion.

7  **STATEMENT**

8  The plaintiffs own several trademarks registered with the United States Patent and Trademark

9  Office.[6] The Doe defendants have allegedly infringed the plaintiffs' marks, breached Meta's terms

10  of service, and violated the California Anti-Phishing Act by using Ngrok's services to establish

11  illegitimate websites that imitate the plaintiffs' websites.[7] Ngrok creates URLs for the infringing

12  websites and relays internet traffic to the websites. But Ngrok has refused to voluntarily provide

13  information concerning the persons behind the illegitimate websites without a subpoena.[8]

14  A court may authorize early discovery before the Rule 26(f) conference for the parties' and

15  witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the

16  Ninth Circuit generally consider whether a plaintiff has shown "good cause" for early discovery.

17  *See*, *e.g.*, *IO Grp., Inc. v. Does 1–65*, No. 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct.

18  15, 2010); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–77 (N.D. Cal. 2002);

19  *Tex. Guaranteed Student Loan Corp. v. Dhindsa*, No. 1:10-cv-00335-LJO-SKO, 2010 WL

20  2353520, at *2 (E.D. Cal. June 9, 2010); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202

21  F.R.D. 612, 613–14 (D. Ariz. 2001) (collecting cases and standards). "Good cause may be found

22

23

24  [3] *Id.* at 16–19 (¶¶ 25–51).

25  [4] Mot. for Expedited Disc. – ECF No. 5 at 8; Flaim Decl. – ECF No. 5-1 at 3–4 (¶¶ 10–12).

26  [5] Mot. for Expedited Disc. – ECF No. 5 at 3.

[6] Compl. – ECF No. 1 at 5–7 (¶¶ 18–20).

27  [7] *Id.* at 7–15 (¶¶ 21–24, Figs. 1–14).

28  [8] Mot. for Expedited Disc. – ECF No. 5 at 4–5.

ORDER – No. 21-cv-09797-LB                2

1    where the need for expedited discovery, in consideration of the administration of justice,

2    outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.

3        In evaluating whether a plaintiff establishes good cause to learn the identity of a Doe

4    defendant through early discovery, courts examine whether the plaintiff: (1) identifies the Doe

5    defendant with sufficient specificity so that the court can determine that the defendant is a real

6    person who can be sued in federal court, (2) recounts the steps taken to locate and identify the

7    defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) shows that

8    the discovery is reasonably likely to lead to identifying information that will permit service of

9    process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999) (citations

10   omitted). "'[W]here the identity of alleged defendants [is not] known prior to the filing of a

11   complaint[,] the plaintiff should be given an opportunity through discovery to identify the

12   unknown defendants, unless it is clear that discovery would not uncover the identities, or that the

13   complaint would be dismissed on other grounds.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163

14   (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

15

16                                          **ANALYSIS**

17       The plaintiffs have made a sufficient showing under each of the four *seescandy* factors listed

18   above to establish good cause to permit it to engage in early discovery to identify the Doe

19   defendants.

20       First, the plaintiffs have identified the Doe defendants with sufficient specificity such that the

21   court can determine that they are real persons who can be sued in federal court. To establish

22   jurisdiction, the plaintiffs allege that the Doe defendants (1) purposefully directed their allegedly

23   unlawful activities toward California by targeting the plaintiffs (who are California-based

24   companies) and California-based users of the plaintiffs' services and (2) accessed multiple

25   Facebook, Messenger, Instagram and WhatsApp accounts with information gleaned from the

26   phishing scheme and thereby agreed to forum-selection clauses in the plaintiffs' terms of service

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    and use contracts.[9] The forum-selection clauses allegedly require the defendants to submit to this

2    court's personal jurisdiction.[10] These facts indicate that the Doe defendants are real persons who

3    are likely subject to the court's jurisdiction. *See WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 472 F.

4    Supp. 3d 649, 673 n.7 (N.D. Cal. 2020) ("This footnote reinforces the court's conclusion that

5    where a defendant enters a forum state with malicious code and seeks out servers owned by a

6    plaintiff in that forum state and then commits an intentional tort, such conduct is sufficient to find

7    personal jurisdiction."), *aff'd on other grounds*, 17 F.4th 930 (9th Cir. 2021); *Twitch Interactive,*

8    *Inc. v. Johnston,* No. 16-CV-03404-BLF, 2019 WL 3387977, at *4 (N.D. Cal. July 26, 2019)

9    ("The Ninth Circuit has recognized that accepting a forum selection clause demonstrates consent

10   to personal jurisdiction in that forum.") (citing *S.E.C. v. Ross*, 504 F.3d 1130, 1149 (9th Cir.

11   2007)). The plaintiffs also assert that the Doe defendants utilize Ngrok, which is allegedly based in

12   California, to maintain the infringing websites.[11] The "use of a third-party internet service

13   headquartered in California to accomplish the wrongful conduct does not, on its own, establish

14   minimum contacts with that forum." *FPK Servs. LLC v. Does 1-10*, No. 20-CV-6141 YGR, 2020

15   WL 5982061, at *2 (N.D. Cal. Oct. 8, 2020). Nonetheless, the Doe defendants' alleged contacts

16   with California-based Ngrok weigh in favor of permitting expedited discovery.

17        Second, the plaintiffs have recounted the steps taken to locate and identify the Doe defendants.

18   The plaintiffs allege that (1) the purportedly infringing websites do not include the Doe

19   defendants' identifying information, (2) the websites are not registered with any domain registrar

20   or other organization, and (3) Ngrok would not voluntarily provide information concerning the

21   infringing websites.[12] The plaintiffs have attached a declaration stating that the plaintiffs

22   conducted a telephone conference with Ngrok's CEO, who declined to voluntarily provide

23   information about the defendants, but stated that Ngrok "would provide information relating to

24

25

26   [9] Compl. – ECF No. 1 at 3 (¶¶ 9–10); Mot. for Expedited Disc. – ECF No. 5 at 7–8.

     [10] Compl. – ECF No. 1 at 3 (¶ 9).

27   [11] *Id.* at 3 (¶ 10); Mot. for Expedited Disc. – ECF No. 5 at 7.

28   [12] Mot. for Expedited Disc. – ECF No. 5 at 8–9.

1    those actors (such as IP addresses and emails) upon receiving a subpoena."[13] These facts

2    demonstrate that the plaintiffs have tried to identify the Doe defendants but have been unable to do

3    so despite diligent efforts. Thus, the plaintiffs cannot identify the Doe defendants without a

4    subpoena.

5        Third, the plaintiffs have demonstrated that their claims could withstand a motion to dismiss.

6    To survive a motion to dismiss a trademark infringement claim, the plaintiff must show that the

7    defendant "used (1) a reproduction, counterfeit, copy or colorable imitation of [its] registered

8    trademark; (2) without [its] consent; (3) in commerce; (4) in connection with the sale, offering for

9    sale, distribution or advertising of any goods; (5) where such use is likely to cause confusion, or to

10   cause a mistake or to deceive." *Pushpay IP Ltd. v. Does 1-10*, No. 19-CV-01322-TSH, 2019 WL

11   1332720, at *4 (N.D. Cal. Mar. 25, 2019) (citing *Brookfield Commc'ns, Inc. v. W. Coast Ent.

12   Corp.*, 174 F.3d 1036, 1046–47 (9th Cir. 1999)) (cleaned up). Here, the plaintiffs allege that they

13   (1) own the marks and (2) the defendants intended to use the websites to "steal [the plaintiffs']

14   users' login credentials."[14] The plaintiffs further allege that the defendants' websites are likely "to

15   cause confusion, or to cause mistake, or to deceive the relevant public" into believing that the

16   plaintiffs' approve of the defendants' websites.[15] The plaintiffs have sufficiently alleged a prima

17   facie claim for trademark infringement.[16]

18       Fourth, the plaintiffs have shown that the discovery they seek is reasonably likely to lead to

19   identifying information that will permit service of process on the Doe defendants. The plaintiffs

20   assert that they expect Ngrok to be able to provide the "names, physical addresses, email

21   addresses, phone numbers, financial accounts, and the IP addresses" of the defendants.[17] If the

22

23

24

25   [13] Flaim Decl. – ECF No. 5-1 at 4 (¶ 11).

     [14] Compl. – ECF No. 1 at 5–7 (¶¶ 18–21).

26   [15] *Id.* at 17–18 (¶¶ 40, 47).

27   [16] Because the existence of a single claim that could withstand a motion to dismiss is sufficient to permit expedited discovery, the court does not analyze the other claims alleged in the complaint.

28   [17] Mot. for Expedited Disc. – ECF No. 5 at 9; Flaim Decl. – ECF No. 5-1 at 4 (¶ 11).

United States District Court
Northern District of California

1   plaintiffs obtain this information, they will likely be able to serve the Doe defendants with the

2   summons and complaint.

3                                              **CONCLUSION**

4        The court **GRANTS** the plaintiffs' Motion for Expedited Discovery as follows.

5        1.   The plaintiffs may immediately serve a Rule 45 subpoena on Ngrok to obtain information

6   regarding the defendants' identities. The subpoena must have a copy of this order attached.

7        2.   The plaintiffs may serve additional Rule 45 subpoenas on other third-parties identified

8   through Ngrok's response to the plaintiffs' Rule 45 subpoena for the limited purpose of obtaining

9   information regarding the defendants' identities. Any such additional subpoenas must have a copy

10  of this order attached.

11       This disposes of ECF No. 5.

12       **IT IS SO ORDERED.**

13       Dated: December 27, 2021

14       _____

15                                        LAUREL BEELER
                                          United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

ORDER – No. 21-cv-09797-LB                          6